UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIG INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 2:04-cv-00304-WMA |
| ) | |
| DONALD PARKS, et al., ) | |
| ) | |
| Defendants ) | |

**FINAL JUDGMENT**

On January 26, 2006, the magistrate judge's report and recommendation was entered and the parties were allowed therein fifteen (15) days in which to file objections to the recommendations made by the magistrate judge. On February 10, 2006, plaintiff filed objections to the magistrate judge's report and recommendation. On February 13, 2006, after obtaining an extension of time, defendants Donald Ray Parks and Pamela Renee Parks filed objections to the magistrate judge's report and recommendation.

After careful consideration of the record in this case, the magistrate judge's report and recommendation and objections thereto, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge and it is, therefore,

ORDERED, ADJUDGED and DECREED as follows:

(1)  The Motion for Summary Judgment filed by TIG Insurance Company against Donald Ray Parks (Doc. #78) is due to be and hereby is GRANTED.

(2)  Judgment hereby is ENTERED declaring that TIG is entitled to a refund of all medical expenses paid under the policy at issue and such other monies that represent funds from the settlement of Donald Ray Parks with Comfleet Carriers, Inc., and John Joe Wideman which are equal to any sums already disbursed by TIG for temporary and permanent disability payments.

(3)  With respect to any future obligation of TIG to provide any benefits to Donald Ray Parks, the parties shall either obtain the services of an accountant to determine what amount of the remaining settlement corpus should be set aside to reimburse TIG for any future disability payments to Donald Ray Parks under the TIG policy and such amount shall be held in trust for that purpose, or a declaration shall be entered that TIG is no longer obligated to pay any further benefits to Parks after the entry of final judgment herein because he has been "made whole" by the settlement with Comfleet and Wideman.

(4)  Because of the "unclean hands" of Henry C. Dailey and Henry C. Dailey, Jr. P.C., with respect to representation of Donald Ray Parks at the time of the

settlement, TIG is not required to pay a *pro rata* share of the attorneys fees incurred in the prosecution and settlement of the underlying state court action.

(5)  The Motion for Summary Judgment of TIG (Doc. #78) as to its claims against John Joe Wideman and Comfleet Carriers, Inc., is due to be and hereby is DENIED.

(6)  The Motion for Summary Judgment by John Joe Wideman and Comfleet Carriers, Inc., (Doc. #76) as to the claim made against them by TIG is due to be and hereby is GRANTED.

(7)  The Motion for Summary Judgment of Comfleet Carriers, Inc., and John Joe Wideman (Doc. #76) as to their claim against Donald Ray Parks and Pamela Renee Parks is due to be and hereby is GRANTED, and Donald Ray Parks and Pamela Renee Parks are DECLARED to be bound by the terms of the release they signed to indemnify and hold harmless Wideman and Comfleet from any claims arising out of the settlement they entered into with Donald Ray Parks for the August 1999 incident.

DONE this 17th day of February, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE